# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THEODORE HOOKS,

    Plaintiff,

v.

VENETIAN PALAZZO CASINO,

    Defendant.

Case No. 2:10-CV-01547-KJD-LRL

**ORDER**

    Before the Court is the Motion to Dismiss of Defendant Venetian Palazzo Casino (#11). Plaintiff filed an Opposition (#13) and Defendant filed a Reply (#11).

I.  Background

    Plaintiff, Theodore Hooks, filed a document styled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" against Venetian Palazzo Casino (the "Venetian") on September 10, 2010 asserting violations of 42 USC § 1983 ("§ 1983").  The facts in the complaint appear to relate to Plaintiff's employment as a security guard at the Venetian.

II. Legal Standard for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, *pro se* litigants must supply a minimum factual basis for the claims they assert against defendants. Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th

Cir. 1995). " Even given the more generous pleading standards for *pro se* plaintiffs" a plaintiff must "provide [the] minimum factual basis needed to provide notice to [the] defendants." Turner v. County of Los Angeles, 18 Fed.Appx. 592, 596 (9th Cir. 2001).  A *pro se* complaint can be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521. (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

III.  Discussion

    A.  § 1983 Claim

To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).

Plaintiff's complaint relates primarily to his employment at the Venetian and contains no allegations that the Venetian acted under color of law.  The pleadings give no indication that Plaintiff can prove any set of facts that would entitle him to relief for this claim.  He has failed to state a claim for relief under § 1983.  Accordingly, Plaintiff's § 1983 Claim is dismissed.

    B.  Other Claims

When read in the light of the liberal pleading standards applied to *pro se* plaintiffs, the complaint reveals facts that may support Title VII claims for race and sex-based discrimination and retaliation.  These facts are sufficiently plead to put the Venetian on notice of "what it did wrong." See Brazil, 66 F.3d at 199.  However, in order for the Court to have subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. See B.K.B. v. Maui Police Department, 276 F.3d 1091, 1099 (9th Cir. 2002).  To exhaust administrative remedies, a plaintiff must timely file a charge with the EEOC or with the appropriate state agency, "thereby affording the agency an opportunity to investigate the charge." Id.

1       The complaint mentions that Plaintiff complained to the EEOC.  However, there is no EEOC
2 charge, right to sue letter, or any other indication that the Plaintiff has timely exhausted his
3 administrative remedies.  Since administrative remedies have not been exhausted, this Court cannot
4 hear claims for employment discrimination or retaliation under Title VII.  Accordingly, this Court
5 lacks jurisdiction to provide Plaintiff with relief and dismissal is appropriate.  See Fed. R. Civ. P.
6 12(b)(1).

VI.  Conclusion

      Plaintiff's complaint fails to state a claim for which this Court may grant relief under § 1983, Title VII or any other cause of action.

      Accordingly, **IT IS HEREBY ORDERED**, that Defendant's Motion to Dismiss (#11) is **GRANTED**.

      DATED this 18th day of July 2011.

_____
Kent J. Dawson
United States District Judge